178 July 1, 2026 No. 617

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

AUSTIN JOHN BERGEVIN,
*Defendant-Appellant.*

Washington County Circuit Court
22CR33585; A180174

Andrew Erwin, Judge.

On respondent's petition for reconsideration filed, May 12, 2026. Opinion filed April 29, 2026. 349 Or App 175 (2026) (nonprecedential memorandum opinion).

Dan Rayfield, Attorney General, Paul L. Smith, Solicitor General, and Doug M. Petrina, Assistant Attorney General, for petition.

Before Shorr, Presiding Judge, Powers, Judge, and Pagán, Judge.

POWERS, J.

Reconsideration allowed; former opinion clarified and disposition modified; Counts 1, 2, and 3 reversed and remanded; remanded for resentencing; otherwise affirmed. Appellate judgment to issue forthwith.

**POWERS, J.**

The state seeks reconsideration of our decision in *State v. Bergevin*, 349 Or App 175 (2026) (nonprecedential memorandum opinion), to correct or clarify the disposition reversing and remanding the judgment of conviction. The state correctly points out that defendant asserted challenges regarding only Counts 1, 2, and 3, and he did not challenge his convictions for Counts 4, 5, and 7.

Although our nonprecedential memorandum opinion specifically named the convictions defendant challenged on appeal and explained that he conceded guilt on "other charges," we allow the state's petition for reconsideration to clarify our disposition and to avoid potential confusion. To clarify which counts are and are not affected by our disposition, we replace the first paragraph of the former opinion with the following:

"Defendant appeals from a judgment of conviction for crimes arising out of an altercation with his girlfriend, S, where defendant allegedly took the keys to S's car at gun point and drove off with her car. Defendant was tried by a jury and found guilty of first-degree robbery (Count 1), unauthorized use of a vehicle (Count 2), possession of a stolen vehicle (Count 3), driving while suspended or revoked (Count 4), felon in possession of a firearm (Count 5), and first-degree theft (Count 7). He was acquitted on Count 6. The trial court entered convictions on Counts 1, 2, 4, 5, and 7; the guilty verdict on Count 3 was merged with the guilty verdict on Count 2. In a single assignment of error, defendant challenges only Counts 1, 2, and 3 by asserting that the trial court erred when it did not allow the defense to cross-examine S and introduce evidence of a prior 9-1-1 call to impeach S's testimony. As explained below, because the trial court erred by preventing defendant from making an initial showing of bias, we reverse and remand Counts 1, 2, and 3, remand for resentencing, and otherwise affirm."

In addition, consistent with that clarification, we modify the disposition as follows to reflect that we affirm the convictions on Counts 4, 5, and 7 that were not challenged on appeal: "Counts 1, 2, and 3 reversed and remanded; remanded for resentencing; otherwise affirmed."

Reconsideration allowed; former opinion clarified and disposition modified; Counts 1, 2, and 3 reversed and remanded; remanded for resentencing; otherwise affirmed. Appellate judgment to issue forthwith.